USDC SCAN INDEX SHEET











USA


GUZMAN-LOERA



TLW

3:95-CR-00973

*171*

*CRMO.*

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

U.S.A. vs  ENRIQUE AVALOS BARRIGA    (05) _____ ( ) No. 95-0973-N

_____( ) _____( ) _____( )

 X  Present     X  In Custody ____ On Bond ____ O/R ____ Probation ____ N/A

HONORABLE LELAND C. NIELSEN  Ctrm Dep  Jamie Klosterman   Rptr  Israel Van Bramer

Asst U.S. Attorney  CYNTHIA BASHANT / TODD ROBINSON

| Attorney | | | | |
|---|---|---|---|---|
| JAN RONIS | for (05) | ____ Apt | X Ret |
| | for ( ) | ____ Apt | ____ Ret |
| | for ( ) | ____ Apt | ____ Ret |
| | for ( ) | ____ Apt | ____ Ret |
| | for ( ) | ____ Apt | ____ Ret |
| | Apt for Material Witnesses | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DATES OF TRIAL:  10/01/96    10/02/96    10/03/96    10/04/96    10/08/96    10/09/96
                  10/10/96


PRE-TRIAL PROCEEDINGS:  (TRIAL PROCEEDINGS NOT COVERED BELOW PUT ON REVERSE SIDE)
**10/01/96 - Oral Motion of Government to dismiss Counts 3-6 and forfeiture allegations 1-5 of the 4th
        Superseding Indictment - GRANTED.**


### JURORS IMPANELED AND SWORN

| | | |
|---|---|---|
| 1. John Kowalczyk | 5. Ronald Van Meter | 9. Jack Brightman |
| 2. Carol Hammell | 6. Lydia Caballero | 10. Monica Reading |
| 3. Paul Smith | 7. Margaret Fehling | 11. Art Nebrida |
| 4. Robert Westover | 8. Joan Drake | 12. Donna Dotson |

1st Alternate  Barbara Brett          2nd Alternate    Robert Gutierrez
3rd Alternate  Sarafin Gutierrez      4th Alternate    Emanuele Tuisee


### JURY TRIAL PROCEEDINGS          (See Pt II for Wits & Exhbts)

 10/08/96 and 10/09/96  Motion for J/A ____Granted Cts_____  X  Denied Cts  1 and 2
  (Date)
 10/09/96    Jury Retires at   11:40  AM      10/10/96    Jury Returns at   2:45   PM
  (Date)                                       (Date)
 X  VERDICT:  X  Guilty Cts  1 and 2 of 4th S/Indictment        X  Polled ____Polling Waived
 X  Ordered Meals at Govt Expense while deliberating (10/9/96 and 10/10/96)     ____Bond exonerated
 X  Refer to P/O for PSI & Sentencing set for  1/2?/97 at 9:00 AM
 ___Mistrial Cts _____ ___Continued to _____ for ___ New Trial ___ Disposition
 ___Prob Report Waived (see sent M/O for sentence) ___ Defendant remanded into custody & bond exonerated
 ___Other _____


171

INITIALS _____
              Deputy

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No.   95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 1a | Glendale Federal Bank cashiers check receipt #63868954, made payable to Juan Jose Robles, dated 11/23/93, in the amount of $4,000 | OCT 01 1996 | OCT 01 1996 | Michael Butler |
| 1b | Bank of America cashiers check receipt #801344084S, made payable to Juan Jose Robles, dated 11/23/93, in the amount of $5000 | OCT 01 1996 | OCT 01 1996 | Miguel Angel Segoviano |
| 1c | Federal Express receipt #764859255, dated 11/29/93, addressed to Juan Jose Robles, 6441 27th Street, Apt. #1, Berwyn, IL. | OCT 01 1996 | OCT 02 1996 | |
| 2a-b | Photographs of $20,000 received from Jose Reynoso on 11/29/93 | OCT 01 1996 | OCT 01 1996 | Miguel Angel Segoviano |
| 2c | Great Western Bank cashiers check receipt #438207624, made payable to Juan Jose Robles, dated 12/01/93, in the amount of $5000 | OCT 01 1996 | OCT 01 1996 | Daryl Evans |
| 2d | Bank of America cashiers check receipt #801049S512, made payable to Juan Jose Robles, dated 12/01/93, in the amount of $5000 | OCT 01 1996 | OCT 01 1996 | Michael Roski |
| 2e | U.S. Postal Service Express Mail receipt #IB337249924, dated 12/01/93, addressed to Juan Jose Robles, 6441 27th Street, Apt. #1, Berwyn, IL | OCT 01 1996 | OCT 01 1996 | Randall Stover |
| 2f | Glendale Federal Bank cashiers check receipt #63868431, made payable to Juan Jose Robles, dated 12/07/93, in the amount of $5935 | OCT 01 1996 | OCT 01 1996 | OCT 03 1996 |
| 2g | Federal Express receipt #981708350, dated 12/07/93, addressed to Juan Jose Robles, 6441 27th Street, Apt. #1, Berwyn, IL. | OCT 01 1996 | OCT 01 1996 | Thomas P. Lenox |
| 3 | Bank of America deposit receipt, for checking account #00507-03234, dated 11/24/93, in the amount of $1000 | OCT 01 1996 | OCT 01 1996 | Robin Clements |
| 4 | Bank of America deposit receipt, for checking account #00507-03234, dated 11/30/93, in the amount of $4000 | OCT 01 1996 | OCT 01 1996 | Roger Aarons |
| 5 | Photograph of Joaquin "Chapo" Guzman-Loera | OCT 01 1996 | OCT 01 1996 | Raul Guzman |
| 6 | Photograph of Jorge Ramirez, aka Alberto Parra-Zamora | OCT 01 1996 | OCT 01 1996 | OCT 04 1996 |
| 7 | Photograph of Miguel Angel Martinez-Martinez | OCT 01 1996 | OCT 01 1996 | Raul Guzman |
| 8 | Photograph of Antonio Reynoso-Gonzalez | OCT 01 1996 | OCT 01 1996 | Owen Putman |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. 95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| ·9 | Hand-written directions to the Reynoso Brothers location | OCT 0 1 1996 | OCT 0 1 1996 | OCT 0 8 1996 |
| ·10 | Tape-recorded telephone conversations between Miguel Segoviano and Enrique Avalos (call 1); between Miguel Segoviano and Jose Reynoso (call 2); and between Miguel Segoviano and Enrique Avalos (call 3), tape number N-28 | OCT 0 1 1996 | OCT 0 1 1996 | Owen Putnam |
| 10a | Transcript of tape number N-28, call 1 | OCT 0 1 1996 | | Dennis Carroll |
| 10b | Transcript of tape number N-28, call 2 | OCT 0 1 1996 | | Linda Morris |
| 10c | Transcript of tape number N-28, call 3 | OCT 0 2 1996 | | Alan Schick |
| ·11 | Tape-recorded telephone conversation of 11/29/93, between Miguel Segoviano and Enrique Avalos, tape number N-27 | OCT 0 2 1996 | OCT 0 2 1996 | Ali Reydel Arista-Chavez |
| 11a | Transcript of tape number N-27 | OCT 0 2 1996 | | Jack Chapin |
| ·12 | Tape-recorded telephone conversation of 01/12/94, between Miguel Segoviano and Enrique Avalos, tape number N-37 | OCT 0 2 1996 | OCT 0 2 1996 | James M. Bird |
| 12a | Transcript of tape number N-37 | OCT 0 2 1996 | OCT 0 2 1996 | |
| ·13a-c | Photographs of Agroquimicos   (photo board) | OCT 0 2 1996 | OCT 0 2 1996 | |
| 14a | Industrial Real Estate Lease for the Distribudora El Campeon warehouse, located at 15503 S. Blackburn Avenue, Norwalk, CA., signed by Enrique Avalos on 02/05/91 | OCT 0 2 1996 | OCT 0 2 1996 | |
| ·14b | State of California Statement by Domestic Stock Corporation, #1574176, for Distribudora El Campeon, Inc., signed by Enrique Avalos on 05/03/91 | OCT 0 2 1996 | OCT 0 2 1996 | |
| ·14c | Stock Certificate for Jorge Ramirez, holder of 1000 shares of Distribudora El Campeon, Inc., signed by Enrique Avalos on 05/03/91 | OCT 0 2 1996 | OCT 0 2 1996 | |
| · 15a | Industrial Real Estate Lease for the Ochoa Brothers Mexican Imports warehouse, located at 3036 1/2 Red Hat Lane, City of Industry, CA, signed by Angel Ochoa on 09/23/91 | OCT 0 2 1996 | OCT 0 2 1996 | |
| · 15b | Instructions for industrial can opener, found in Ochoa Brothers Mexican Imports | OCT 0 2 1996 | OCT 0 2 1996 | |
| 16 | Customs documents - Distribudora de Basicos to Distribudora El Campeon | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. ___95-0973-B___

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 13d | Calculation Sheet for corrugated steel deck, prepared by Montenegro & Partners, for 5331 E. Slauson Avenue, Commerce, CA | | | |
| 13e | City of Commerce, Building & Safety Division, Permit No. C9200195, for commercial construction of a patio cover phase II at Agroquimicos Mara, 5331 E. Slauson, Commerce, CA and Fee Receipt | | | |
| · 14d | List of phone Numbers | OCT 0 2 1996 | OCT 0 2 1996 | |
| · 14e | Outline of proposal of Norwalk fence (Distribudora) | OCT 0 2 1996 | OCT 0 2 1996 | |
| 31c | Video tape of Tecate seizure | OCT 0 3 1996 | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.

Criminal Case No. 95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 17a-b | Photographs of cocaine seized at the San Clemente checkpoint on 03/15/91, and of the van with secret compartments in which the cocaine was hidden  (photo board) | OCT 0 3 1996 | OCT 0 3 1996 | |
| 18a-b | Photographs of 7.3 tons cocaine seized in Tecate, Mexico  (photo board) | OCT 0 3 1996 | OCT 0 3 1996 | |
| 19a | Certified copies of the search warrant and search warrant return executed by Mexican law enforcement at the Distribudora de Basicos warehouse | OCT 0 8 1996 | OCT 0 8 1996 | |
| 19b | Translation of 19a | | | |
| 20a | Search warrant inventory of business documents seized at Distribudora de Basicos warehouse | OCT 0 8 1996 | OCT 0 8 1996 | |
| 20b | Translation of 20a | | | |
| 21a | Certified copy of the Rental Contract/Lease for Distribudora de Basicos, between David Arguello, lessor, and Dr. Enrique Avalos Barriga, tenant and Antonio Reynoso Gonzalez as guarantor; seized during search at Distribudora de Basicos | OCT 0 8 1996 | OCT 0 8 1996 | |
| 21b | Translation of 21a | | | |
| 22 | Copy of Ochoa Brothers "Warning! Harmful if Swallowed..." sticker; seized during search at Distribudora de Basicos | OCT 0 8 1996 | OCT 0 8 1996 | |
| 23 | Copy of various Distribudora El Campeon stamps; seized during search at Distribudora de Basicos | OCT 0 8 1996 | OCT 0 8 1996 | |
| 24 | Product tag, "Pinole Dried Milled Corn, Net Wt. 66 LBS..."; seized during search at Distribudora de Basicos | OCT 0 8 1996 | OCT 0 8 1996 | |
| 25a | Certified copy of the statement made by Armando Reyes-Gonzalez, the truck driver of the tractor trailer containing the 7.3 tons of cocaine, seized in Tecate, Mexico | | | |
| 25b | Translation of 25a | | | |
| 26a | Certified copy of Mexican chemist's 04/23/93 lab report (4 pages) for the 7.3 tons of cocaine | | | |
| 26b | Translation of 26a | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. 95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 27a | Certified copy of Mexican chemist's 04/23/93 lab report (14 pages) for the 7.3 tons of cocaine seized in Tecate, Mexico | | | |
| 27b | Translation of 27a | | | |
| 28a | Certified copy of the statement made by David Arguello on 05/21/93 | | | |
| 28b | Translation of 28a | | | |
| 29a | Certified copy of the statement made by Antonio Reynoso on 08/19/93 | | | |
| 29b | Translation of 29a | | | |
| 30a | Certified copy of the statement made by Antonio Reynoso on 08/20/93 | | | |
| 30b | Translation of 30a | | | |
| 31a | Empty La Comadre chili pepper can | OCT 0 1 1996 | OCT 0 3 1996 | |
| 31b | Photograph of La Comadre chili pepper can, taken at time of cocaine seizure | OCT 0 3 1996 | OCT 0 3 1996 | |
| 32 | Aerial photograph of the topography of the tunnel area, showing both the U.S. and the Mexican warehouses  (photo board) | OCT 0 1 1996 | OCT 0 1 1996 | |
| 33a-b | Photographs of the Mexico/Otay Mesa landscape, including the Mexican warehouse by the tunnel area, and the United States warehouse (Tia Anita) by the tunnel area  (photo board) | OCT 0 3 1996 | OCT 0 3 1996 | |
| 34a-c | Photographs of the underground tunnel  (photo board) | OCT 0 3 1996 | OCT 0 3 1996 | |
| 35 | Videotape of the tunnel constructed from Mexico to Otay Mesa, CA | OCT 0 3 1996 | OCT 0 3 1996 | |
| | **SAN ANTONIO, TEXAS** | | | |
| SAN-36 | Photograph of warehouse in Guadalajara | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-37 | Wilson Jones Columnar Pad | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-37a | Page from Columnar Pad showing money owed by Raul Guzman-Enriquez' father, Raul Guzman, Sr. | OCT 0 3 1996 | OCT 0 3 1996 | |

Page no.  4

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No.  95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| • SAN-38 | Photograph of Jorge "Memo Jr." Saillez | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-39 | Photograph of Jaime Carrillo | OCT 0 4 1996 | OCT 0 4 1996 | |
| • SAN-40 | List of expenses/payments/transfers of money | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-40a | Authorization to Transfer Funds to Luis F. Gonzalez | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-40b | Funds Transfer Request to Luis F. Gonzalez | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-40c | Western Union Money Transfer to Luis Fernando Gonzalez | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41 | Summary of bank deposits made by Raul Guzman-Enriquez | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41a | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41b | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41c | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41d | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41e | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41f | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41g | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41h | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41i | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41j | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41k | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41l | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41m | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-41n | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.,

Criminal Case No. ___95-0973-B___

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| SAN-41o | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41p | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41q | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41r | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41s | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41t | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41u | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41v | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41w | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41x | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41x | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41y | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41z | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-41aa | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-42 | List of expenses/payments/transfers of money | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-42a | Check #0278 in the amount of $14,000 | OCT 0 4 1996 | OCT 0 8 1996 | |
| SAN-42b | Check stub #1021 in the amount of $12,500 | OCT 0 4 1996 | OCT 0 8 1996 | |
| SAN-42c | Check stub #1022 in the amount of $12,500 | OCT 0 4 1996 | OCT 0 8 1996 | |
| SAN-43 | List of bank deposits | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-43a | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-43a | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-43b | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-43c | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. _95-0973-B_

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| • SAN-43d | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43e | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43f | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43g | Hand-written slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43h | Hand-written deposit note | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43i | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43j | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43k | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43l | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43m | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43n | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43o | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43p | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43q | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43r | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43s | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43t | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43u | Hand-written deposit note | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43v | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43w | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| • SAN-43x | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. __95-0973-B__

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| SAN-43y | Deposit slip | OCT 0 3 1996 | | |
| SAN-43z | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-43aa | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-43bb | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-43cc | Deposit slip | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-44 | Advertisement/flyer for a 5-bedroom, 4-bath house at #2 Westelm Point in Elm Creek, San Antonio, TX | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-45 | Warranty Deed with Vendor's Lien, #94-0163228, between Zeev Nederman Construction Company and Silvia S. Lopez Juarez for the Elm Creek property, signed on 09/06/94 | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-46 | Check #0565, dated 03/31/95, made payable to Keith Zars Pools | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-47 | Check #0295, dated 12/28/94, made payable to Elm Creek Owner Association | OCT 0 3 1996 | OCT 0 3 1996 | |
| SAN-48 | Plea Bargain Agreement of Raul Guzman-Enriquez, filed 07/23/95 | OCT 0 3 1996 | | |
| SAN-49 | Brochure of Executive Armoring Corporation | OCT 0 3 1996 | OCT 0 3 1996 | |
| *SAN 49 A,B,C* | *Photos of white Chevy* | | | |
| CHI-50 | Map/chart of residences and warehouses in the Chicago area (poster board) | | | |
| | **CHICAGO, ILLINOIS** | | | |
| CHI-51a-c | Photographs of TV's and money seized at O'Hare Airport (photo board) ✓ | OCT 0 4 1996 | OCT 0 4 1996 | |
| CHI-52 | Zenith television set, model #SL2067BT | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-53 | Sales receipt from Silo Electronics Store for Zenith television set, model #SL2067BT, dated 07/14/94 | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-54a | Mexicana Airlines boarding pass for Jose Luis Guzman, dated 07/16/94 | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-54b | Mexicana Airlines baggage tag for Jose Luis Guzman, dated 07/16/94 | OCT 0 8 1996 | OCT 0 8 1996 | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No.   95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| CHI-54c | Mexicana Airlines name tag for Jose Luis Guzman | OCT 28 1996 | OCT 08 1996 | |
| CHI-54d | Mexicana Airlines name tag for Arturo Guzman | OCT 28 1996 | OCT 08 1996 | |
| CHI-54e | Mexicana Airlines baggage tag for Jose Luis Guzman, dated 07/16/94 | OCT 08 1996 | OCT 08 1996 | |
| CHI-54f | Photograph of Zenith television/box with baggage tag and name tag on it | OCT 08 1996 | OCT 08 1996 OCT 08 1996 | |
| CHI-55 | JVC television set | OCT 08 1996 | OCT 08 1996 | |
| CHI-56a | Mexicana Airlines baggage tag for Sergio Rodriguez, dated 07/16/94 | OCT 08 1996 | OCT 08 1996 | |
| CHI-56b | Mexicana Airlines name tag for Jose Luis Guzman | OCT 08 1996 | OCT 08 1996 | |
| CHI-56c | Mexicana Airlines boarding pass for Sergio Rodriguez, dated 07/16/94 | OCT 08 1996 | OCT 08 1996 | |
| CHI-56d | Mexicana Airlines name tag for Arturo Guzman | OCT 08 1996 | OCT 08 1996 | |
| CHI-56e | Mexicana Airlines baggage tag for Sergio Rodriguez, dated 07/16/94 | OCT 08 1996 | OCT 08 1996 | |
| CHI-56f | Photograph of JVC television with baggage tag and name tag on it | OCT 08 1996 | OCT 08 1996 | |
| CHI-57a | Mexicana Airlines baggage claim tags for Jose Luis Guzman, dated 07/16/94 | OCT 08 1996 | OCT 08 1996 | |
| CHI-57b | Mexicana Airlines baggage claim tags for Sergio Rodriguez, dated 07/16/94 | OCT 08 1996 | OCT 08 1996 | |
| CHI-58 | Videotape of delivery of cocaine to Melvin's Machinery on 09/23/94 | OCT 04 1996 | OCT 04 1996 | |
| CHI-59 | Videotape of cocaine leaving Melvin's Machinery on morning of 09/24/94 | OCT 04 1996 | OCT 08 1996 | |
| CHI-60 | Videotape of search conducted at Melvin's Machinery on 09/24/94 | OCT 08 1996 | OCT 08 1996 | |
| CHI-61a-d | Photographs of Melvin's Machinery, boilers and PVC pipe   (photo board) | OCT 08 1996 | OCT 08 1996 | |
| CHI-62a-b | Photographs of cocaine seized at Melvin's Machinery and from car driven by Francisco Eric Rocha   (photo board) | OCT 08 1996 | OCT 08 1996 | |
| CHI-63 | Factual Stipulation re cocaine seized from a car leaving warehouse at 9124 Medill in Franklin Park, IL and from boiler in that warehouse | OCT 08 1996 | OCT 08 1996 | |
| CHI-64a-b | California Driver License #B5200069 in the name of Francisco Eric Rocha and insurance card for 1989 Chevrolet; seized along with 120K of cocaine | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. ___95-0973-B___

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| CHI-63a | Summary chart showing value of cocaine seized during 09/94 in Chicago | OCT 0 8 1996 | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.,
Criminal Case No. __95-0973-B__

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| CHI-65 | Hand-written note with R&J Service address and Melvin's Machinery Inc. stamped on it; seized at Melvin's Machinery | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-66a | Photograph of forklift | | | |
| CHI-66b | Photograph of forklift | | | |
| CHI-67 | Mill Transportation Company freight bill #94-10247, dated 08/26/94, shipping a boiler from Melvin's Machinery to R&J Service; seized at Melvin's Machinery | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-68 | Morgan Southern, Inc. delivery receipt, dated 09/23/94, from Santa Fe to Melvin's Machinery; seized at Melvin's Machinery | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-69 | Straight Bill of Lading, dated 08/04/94, shipping a boiler from R&J Service to Melvin's Machinery; seized at Melvin's Machinery | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-70 | Currency Exchange receipt, No. A255628, dated 09/22/94, from Melvin's Machinery to R&J Services, in the amount of $1100; seized at Melvin's Machinery | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-71a-b | Two pieces of PVC pipe, 8" in diameter; seized at Melvin's Machinery | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-72 | Photograph of Luis Fernando Gonzalez | OCT 0 4 1996 | OCT 0 4 1996 | |
| CHI-73 | Photograph of Adalberto "Beto" Partida-Chavez | OCT 0 4 1996 | OCT 0 4 1996 | |
| CHI-74 | Photograph of Jose Luis Guzman | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-75 | Photograph of Sergio Rodriguez | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-76 | Photograph of Jose Sanchez | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-77 | Photograph of Francisco Rocha | OCT 0 8 1996 | OCT 0 8 1996 | |
| | **LOS ANGELES, CALIFORNIA** | | | |
| LOS-78 | Factual Stipulation that on 08/26/94, Antonio Reynoso, Rodrigo Suavita and an unidentified male were surveilled at the LA airport and at a warehouse located at 1409 Virginia Avenue, #L, Baldwin Park, CA | OCT 0 3 1996 | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No.   95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| NJ-79 | Factual Stipulation that a warehouse in Linden, New Jersey was leased by Luis Fernando Gonzalez on 09/21/94 | OCT 0 4 1996 | | |
| LOS-80 | Factual Stipulation that Luis Fernando Gonzalez stayed at the Industry Hills Sheraton Hotel under the name Fernand Gonzalez from 06/21/94 to 06/23/94 | OCT 0 4 1996 | | |
| LOS-81 | Factual Stipulation that Government Exhibit #LOS-82 is a true and correct copy of a signature card dated 06/21/94 for the Industry Hills Sheraton Hotel | OCT 0 4 1996 | | |
| LOS-82 | Industry Hills Sheraton signature card for Luis Gonzalez, arrival date 06/21/94 | OCT 0 4 1996 | OCT 0 4 1995 | |
| LOS-83 | Factual Stipulation that Government Exhibit #LOS-84 is a true and correct copy of a hotel bill for Fernando Gonzalez | OCT 0 4 1996 | | |
| LOS-84 | Receipt from Industry Hills Sheraton for Luis Gonzalez, dated 06/24/94 | OCT 0 4 1996 | OCT 0 4 1996 | |
| LOS-85 | Factual Stipulation that on 08/05/94, Luis Fernando Gonzalez obtained a business license from La Mirada City Hall for a business called Agro Industrias Unidas S.A. de C.V., located at 14325 Alondra Blvd., La Mirada, CA | OCT 0 4 1996 | | |
| LOS-86 | Standard Industrial/Commercial Single-Tenant Lease for Agro Industrias Unidas S.A. de C.V., signed by Manuel Trevino on 08/10/94 | OCT 0 4 1996 | OCT 0 4 1996 | |
| LOS-87a-c | Photographs of Agro Industrias Unidas SA de C.V., 14325 E. Alondra Blvd., La Mirada, CA   (photo board) | OCT 0 4 1996 | OCT 0 4 1996 | |
| LOS-88 | Factual Stipulation that in a letter dated 07/27/94, Elroy Ortiz submitted a bid for building a structure to enclose the rail tracks adjacent to the warehouse leased by Luis Fernando Gonzalez located at 14325 Alondra Blvd., La Mirada, CA | OCT 0 4 1996 | | |
| LOS-89 | 07/27/94 letter from Shook Building Systems, Inc. to Sal Reza, Commercial Real Estate Services (CRESE) | OCT 0 4 1996 | OCT 0 4 1996 | |
| LOS-90 | Photograph of PVC pipe inside boiler | OCT 0 8 1996 | OCT 0 8 1996 | |
| LOS-91 | Photograph of paint thinner, lacquer thinner, and Bondo body filler found inside R&J Services | OCT 0 8 1996 | OCT 0 8 1996 | |
| LOS-92a-d (photo board) | Photographs of R&J Service, 1409 Virginia Avenue, Baldwin Park, CA | OCT 0 8 1996 | OCT 0 8 1996 | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. ___95-0973-B___

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 93 | Summary chart showing value of cocaine | OCT 0 8 1996 | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.

Criminal Case No. ___95-0973-B___

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 200 | Stipulation re: Audio Tapes | OCT 1 0 1996 | | |
| | **WIRETAP CONVERSATIONS and TRANSCRIPTS** | | | |
| 201 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #008 | | | |
| 201a | Transcript of 201 | | | |
| 202 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #085 | | | |
| 202a | Transcript of 202 | | | |
| 203 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #137 | | | |
| 203a | Transcript of 203 | | | |
| 204 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13, call #158 | | | |
| 204a | Transcript of 204 | | | |
| 205 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13, call #160 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 205a | Transcript of 205 | OCT _ 8 1996 | | |
| 206 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #189 | | | |
| 206a | Transcript of 206 | | | |
| 207 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #307 | | | |
| 207a | Transcript of 207 | | | |
| 208 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #321 | | | |
| 208a | Transcript of 208 | OCT _ 8 1996 | | |
| 209 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #328 | | | |
| 209a | Transcript of 209 | | | |
| 210 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #370 | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. 95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 210a | Transcript of 210 | | | |
| 211 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #375 | | | |
| 211a | Transcript of 211 | | | |
| 212 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #379 | | | |
| 212a | Transcript of 212 | | | |
| 213 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #383 | | | |
| 213a | Transcript of 213 | | | |
| 214 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #390 | | | |
| 214a | Transcript of 214 | | | |
| 215 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13, call #393 | | | |
| 215a | Transcript of 215 | | | |
| 216 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13, call #407 | | | |
| 216a | Transcript of 216 | | | |
| 217 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13, call #432 | OCT 04 1996 | 10-04-96 | |
| 217a | Transcript of 217 | OCT 04 1996 | | |
| 218 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #451 | | | |
| 218a | Transcript of 218 | | | |
| 219 | Wiretap conversation, intercepted phone (708) 436-5357, tape N13A, call #462 | | | |
| 219a | Transcript of 219 | | | |
| 220 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #033 | | | |
| 220a | Transcript of 220 | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. _95-0973-B_

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 221 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #041 | | | |
| 221a | Transcript of 221 | | | |
| 222 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #132 | | | |
| 222a | Transcript of 222 | | | |
| 223 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #144 | | | |
| 223a | Transcript of 223 | | | |
| 224 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #298 | | | |
| 224a | Transcript of 224 | | | |
| 225 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #299 | | | |
| 225a | Transcript of 225 | | | |
| 226 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #309 | | | |
| 226a | Transcript of 226 | | | |
| 227 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #325 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 227a | Transcript of 227 | OCT 0 4 1996 | | |
| 228 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #326 | | | |
| 228a | Transcript of 228 | | | |
| 229 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #342 | | | |
| 229a | Transcript of 229 | | | |
| 230 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #22 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 230a | Transcript of 230 | OCT 0 4 1996 | | |
| 231 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #29 | OCT 0 4 1996 | OCT 0 4 1996 | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. 95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 231a | Transcript of 231 | OCT 0 4 1996 | | |
| 232 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5, call #31 | | | |
| 232a | Transcript of 232 | | | |
| 233 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5, call #49 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 233a | Transcript of 233 | OCT 0 4 1996 | | |
| 234 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5, call #50 | | | |
| 234a | Transcript of 234 | | | |
| 235 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5, call #52 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 235a | Transcript of 235 | OCT 0 4 1996 | | |
| 236 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #106 | | | |
| 236a | Transcript of 236 | | | |
| 237 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #108 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 237a | Transcript of 237 | OCT 0 4 1996 | | |
| 238 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #201 | | | |
| 238a | Transcript of 238 | | | |
| 239 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #270 | | | |
| 239a | Transcript of 239 | | | |
| 240 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #287 | | | |
| 240a | Transcript of 240 | | | |
| 241 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #297 | | | |
| 241a | Transcript of 241 | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No.   95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 242 | Wiretap conversation, intercepted phone (708) 795-7025, tape N5A, call #326 | | | |
| 242a | Transcript of 242 | | | |
| 243 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #003 | | | |
| 243a | Transcript of 243 | | | |
| 244 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #046 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 244a | Transcript of 244 | OCT 0 4 1996 | | |
| 245 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #047 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 245a | Transcript of 245 | OCT 0 4 1996 | | |
| 246 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #101 | | | |
| 246a | Transcript of 246 | | | |
| 247 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #192 | | | |
| 247a | Transcript of 247 | | | |
| 248 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #205 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 248a | Transcript of 248 | OCT 0 4 1996 | | |
| 249 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #208 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 249a | Transcript of 249 | OCT 0 4 1996 | | |
| 250 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #216 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 250a | Transcript of 250 | OCT 0 4 1996 | | |
| 251 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #218 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 251a | Transcript of 251 | OCT 0 4 1996 | | |
| 252 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #252 | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No.   95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 252a | Transcript of 252 | | | |
| 253 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #257 | | | |
| 253a | Transcript of 253 | | | |
| 254 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #262 | | | |
| 254a | Transcript of 254 | | | |
| 255 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #276 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 255a | Transcript of 255 | OCT 0 8 1996 | | |
| 256 | Wiretap conversation, intercepted phone (708) 436-0994, tape N6, call #459 | | | |
| 256a | Transcript of 256 | | | |
| 257 | Wiretap conversation, intercepted phone (210) 218-6962, tape N15A, call #323 | OCT 0 3 1996 | OCT 0 3 1996 | |
| 257a | Transcript of 257 | OCT 0 3 1996 | | |
| 258 | Wiretap conversation, intercepted phone (210) 218-6962, tape N15A, call #325 | | | |
| 258a | Transcript of 258 | | | |
| 259 | Wiretap conversation, intercepted phone (210) 218-6962, tape N15A, call #330 | OCT 0 3 1996 | OCT 0 3 1996 | |
| 259a | Transcript of 259 | OCT 0 3 1996 | | |
| 260 | Wiretap conversation, intercepted phone (210) 218-6962, tape N16A, call #338 | | | |
| 260a | Transcript of 260 | | | |
| 261 | Wiretap conversation, intercepted phone (210) 218-6962, tape N17A, call #359 | OCT 0 3 1996 | OCT 0 3 1996 | |
| 261a | Transcript of 261 | OCT 0 3 1996 | | |
| 262 | Wiretap conversation, intercepted phone (210) 218-6962, tape N18A, call #391 | OCT 0 3 1996 | OCT 0 3 1996 | |
| 262a | Transcript of 262 | OCT 0 3 1996 | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. ___95-0973-B___

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 263 | Wiretap conversation, intercepted phone (210) 218-6962, tape N18A, call #406 | | | |
| 263a | Transcript of 263 | | | |
| 264 | Wiretap conversation, intercepted phone (210) 218-6962, tape N18A, call #411 | | | |
| 264a | Transcript of 264 | | | |
| 265 | Wiretap conversation, intercepted phone (210) 218-6962, tape N18A, call #414 | | | |
| 265a | Transcript of 265 | | | |
| 266 | Wiretap conversation, intercepted phone (210) 218-6962, tape N22A, call #491 | OCT 0 3 1996 | OCT 0 3 1996 | |
| 266a | Transcript of 266 | OCT 0 3 1996 | | |
| 267 | Wiretap conversation, intercepted phone (210) 218-6962, tape N22A, call #497 | | | |
| 267a | Transcript of 267 | | | |
| 268 | Wiretap conversation, intercepted phone (210) 218-6962, tape N28A, call #534 | | | |
| 268a | Transcript of 268 | | | |
| 269 | Wiretap conversation, intercepted phone (210) 218-6962, tape N55A, call #1037 | | | |
| 269a | Transcript of 269 | | | |
| 270 | Wiretap conversation, intercepted phone (210) 218-6962, tape N55A, call #1044 | | | |
| 270a | Transcript of 270 | | | |
| 271 | Wiretap conversation, intercepted phone (210) 218-6962, tape N66A, call #1270 | OCT 0 3 1996 | OCT 0 3 1996 | |
| 271a | Transcript of 271 | OCT 0 4 1996 | | |
| 272 | Wiretap conversation, intercepted phone (210) 218-6962, tape N70A, call #1361 | | | |
| 272a | Transcript of 272 | | | |
| 273 | Wiretap conversation, intercepted phone (210) 218-6962, tape N85A, call #1740 | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No.  95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 273a | Transcript of 273 | | | |
| 274 | Wiretap conversation, intercepted phone (210) 218-6962, tape N86A, call #1742 | | | |
| 274a | Transcript of 274 | | | |
| 275 | Wiretap conversation, intercepted phone (210) 218-6962, tape N148A, call #2393 | | | |
| 275a | Transcript of 275 | | | |
| 276 | Wiretap conversation, intercepted phone (210) 218-6962, tape N149A, call #2397 | | | |
| 276a | Transcript of 276 | | | |
| 277 | Wiretap conversation, intercepted phone (210) 218-6962, tape N149A, call #2411 | | | |
| 277a | Transcript of 277 | | | |
| 278 | Wiretap conversation, intercepted phone (210) 218-6962, tape N523A, call #7460 | | | |
| 278a | Transcript of 278 | | | |
| 279 | Wiretap conversation, intercepted phone (210) 218-6962, tape N556A, call #7854 | | | |
| 279a | Transcript of 279 | | | |
| 280 | Wiretap conversation, intercepted phone (210) 218-6962, tape N645A, call #9708 | | | |
| 280a | Transcript of 280 | | | |
| 281 | Wiretap conversation, intercepted phone (210) 218-6962, tape N646A, call #9731 | | | |
| 281a | Transcript of 281 | | | |
| 282 | Wiretap conversation, intercepted phone (210) 218-6962, tape N657A, call #9949 | | | |
| 282a | Transcript of 282 | | | |
| 283 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #005 | | | |
| 283a | Transcript of 283 | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. 95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 284 | Wiretap conversation, intercepted phone #708-471-6285, tape N8, call #46 | | | |
| 284a | Transcript of 284 | | | |
| 285 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #73 | | | |
| 285a | Transcript of 285 | | | |
| 286 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #166 | | | |
| 286a | Transcript of 286 | | | |
| 287 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #262 | | | |
| 287a | Transcript of 287 | | | |
| 288 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #273 | | | |
| 288a | Transcript of 288 | | | |
| 289 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #566 | | | |
| 289a | Transcript of 289 | | | |
| 290 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #671 | | | |
| 290a | Transcript of 290 | | | |
| 291 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #754 | | | |
| 291a | Transcript of 291 | | | |
| 292 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #759 | | | |
| 292a | Transcript of 292 | | | |
| 293 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #966 | | | |
| 293a | Transcript of 293 | | | |
| 294 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1060 | | | |

Page no. 21

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. __95-0973-B__

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 294 | Transcript of 294 | | | |
| 294a | | | | |
| 295 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1102 | | | |
| 295a | Transcript of 295 | | | |
| 296 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1129 | | | |
| 296a | Transcript of 296 | | | |
| 297 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1163 | | | |
| 297a | Transcript of 297 | | | |
| 298 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1187 | | | |
| 298a | Transcript of 298 | | | |
| 299 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1220 | | | |
| 299a | Transcript of 299 | | | |
| 300 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1237 | | | |
| 300a | Transcript of 300 | | | |
| 301 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1250 | | | |
| 301a | Transcript of 301 | | | |
| 302 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1640 | | | |
| 302a | Transcript of 302 | | | |
| 303 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1648 | | | |
| 303a | Transcript of 303 | | | |
| 304 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1768 | | | |
| 304a | Transcript of 304 | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. __95-0973-B__

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 305 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1787 | OCT 0 4 1996 | OCT 0 4 1996 | |
| 305a | Transcript of 305 | OCT 0 4 1996 | | |
| 306 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1895 | | | |
| 306a | Transcript of 306 | | | |
| 307 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1913 | | | |
| 307a | Transcript of 307 | | | |
| 308 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1933 | | | |
| 308a | Transcript of 308 | | | |
| 309 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1977 | | | |
| 309a | Transcript of 309 | | | |
| 310 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1994 | | | |
| 310a | Transcript of 310 | | | |
| 311 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1995 | | | |
| 311a | Transcript of 311 | | | |
| 312 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #1998 | | | |
| 312a | Transcript of 312 | | | |
| 313 | Wiretap conversation, intercepted phone #708-471-6285, tape N8A, call #2150 | | | |
| 313a | Transcript of 313 | | | |
| 314 | Wiretap conversation, intercepted phone #708-471-6285, tape N8, call #2232 | | | |
| 314a | Transcript of 314 | | | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.

Criminal Case No. ___95-0973-B___

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| 317 | Wiretap conversation | OCT 04 1996 | OCT 04 1996 | |

U.S. v. JOAQUIN GUZMAN-LOERA, et al.
Criminal Case No. 95-0973-B

| EXHIBIT NO. | DESCRIPTION AND REMARKS | MARKED FOR I.D. | RECEIVED INTO EVIDENCE | WITNESS(ES) |
|---|---|---|---|---|
| CHI-401 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-402 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-403 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-404 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-405 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-406 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-407 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-408 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-409 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-410 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |
| CHI-411 | Kilo of cocaine, seized in Chicago | OCT 0 8 1996 | OCT 0 8 1996 | |

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PART II - EXHIBITS AND WITNESSES

_____ *USA* _____ vs *Enrique Avalos Barriga* No. *95-0973-N*
___ Plaintiff ✓ Defendant ___ _____ Type of Hearing: *Jury Trial*

| NO. | IDENT. | EVID. | DESCRIPTION | WITNESS |
|-----|--------|-------|-------------|---------|
| A | OCT 0 4 1996 | | SD Union-Tribune 10/4/96 | OCT 0 8 1996 |
| B | OCT 0 4 1996 | | LA Times 10/4/96 | Mark Shaver |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Form M/O-2
REV. 6-82

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PART II - EXHIBITS AND WITNESSES

_____ _USA_____ vs _____ No. _95-0923-N_

___Plaintiff ___Defendant _✓_ _Court_____     Type of Hearing: _Jury Trial_

| NO. | IDENT. | EVID. | DESCRIPTION | WITNESS |
|---|---|---|---|---|
| 1 | OCT 09 1996 | | Jury note. | |
| 2 | OCT 09 1996 | | Jury note | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Form M/O-0
REV. 6-82

Tapes

San Antonio (#237(A), 262A
Conver in reguard to
Deal with Suavita

Chicago (#255(A), 217(A))
 about green truck, about
"small" Delivery. about
teunnel Buest? Was that on
                          Tape?
LA (~~~~~
about go Back and get the
                          (ABOUT
money. [Avaloes ¿(Reynoso)
Segovians]
Suaveto impressed wants
to Know about going all
the way to the Top
We are not sure about
Exhibit #'s. Pls do your
Best!
                    Thanks
                      Sydia

10/9/96

Please give us phone
Transcribes.

Jury Foreman

Sydia E Caballes

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

November 1994 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. __95-0973-B__ |
| ) | |
| Plaintiff, ) | I N D I C T M E N T |
| ) | (4th Superseding) |
| v. ) | |
| ) | Title 21, U.S.C., Secs. 846 |
| JOAQUIN GUZMAN-LOERA (1), ) | and 841(a)(1) – Conspiracy to |
| aka "Chappo Guzman," ) | Import and to Possess Cocaine |
| aka "El Architecto," ) | with Intent to Distribute; |
| ARTURO GUZMAN-LOERA (2), ) | Title 21, U.S.C., |
| aka "Pollo Guzman," ) | Sec. 848(b) – Continuing |
| HUMBERTO LOYA-CASTRO (3), ) | Criminal Enterprise |
| aka "Licenciado Perez," ) | |
| MIGUEL ANGEL ) | |
| MARTINEZ-MARTINEZ (4), ) | |
| aka "El Tololoche," ) | |
| aka "Tolo," ) | |
| aka "Gordo," ) | |
| aka "Compadre," ) | |
| ENRIQUE AVALOS-BARRIGA (5), ) | |
| aka "El Doctor," ) | |
| aka "El Medico," ) | |
| aka "Juan Jose Robles," ) | |
| aka "Jose Bautista," ) | |
| aka "Don Chepe," ) | |
| aka "Don Vicente," ) | |
| aka "Flacco," ) | |
| ANTONIO ) | |
| REYNOSO-GONZALEZ (6), ) | |
| aka "El Ingeniero," ) | |
| aka "El Inje," ) | |
| aka "El Electrico," ) | |
| aka "El Electrista," ) | |
| aka "Flacco," ) | |
| JESUS REYNOSO-GONZALEZ (7), ) | |
| aka "Chispas," ) | |
| JOSE REYNOSO-GONZALEZ (8), ) | |
| aka "Pepe Reynoso," ) | |
| aka "The Engineer's ) | |
| Brother," ) | |

```
 1 ║ LUIS FERNANDO GONZALEZ (9),      )
   ║    aka "La Gori,"                 )
 2 ║    aka "Norberto Guzman,"         )
   ║ JORGE RAMIREZ-CORDOVA (10),       )
 3 ║    aka "Alberto Parra-Zamora,"    )
   ║    aka "The Coach,"               )
 4 ║    aka "The Trainer,"             )
   ║ SALVADOR REZA (11),               )
 5 ║ GERALDO ANTONIO                   )
   ║    FRISBIE-CALDERON (12),         )
 6 ║ ENRIQUE SUAREZ-ESTRADA (13),      )
   ║ JUAN ESTRADA (15),                )
 7 ║    aka "Manuel Trevino-Soto,"     )
   ║ JORGE ALBERTO SALLES (16),        )
 8 ║    aka "Jorge Alberto Saillez,"   )
   ║    aka "El Pedoritto,"            )
 9 ║    aka "Memo Jr.,"                )
   ║ RODRIGO SUAVITA (17),             )
10 ║    aka "Rocky,"                   )
   ║    aka "Andres Mejia,"            )
11 ║ ADALBERTO                         )
   ║    PARTIDA-CHAVEZ (18),           )
12 ║    aka "Jose Bautista,"           )
   ║    aka "Beto,"                    )
13 ║    aka "Enrique Del               )
   ║        Real-Moreno,"              )
14 ║    aka "Vecino,"                  )
   ║ SERGIO                            )
15 ║    RODRIGUEZ-GUZMAN (19),         )
   ║ JOSE LUIS GUZMAN (20),            )
16 ║ JOSE SANCHEZ (21),                )
   ║    aka "El Pajarito,"             )
17 ║ FRANCISCO ERIC ROCHA (22),        )
   ║ RICARDO YUDICE-CAMPOS (23),       )
18 ║                                   )
   ║              Defendants.          )
19 ║ ─────────────────────────────────)
```

20      The grand jury charges:

21                     <u>Count 1</u>

22      Beginning at a date unknown to the grand jury and continuing

23 up to and including June 23, 1995, within the Southern District of

24 California, and elsewhere, defendants JOAQUIN GUZMAN-LOERA aka

25 //

26 CAB:mdd:San Diego
   10/09/96

27

28                          2

1 | "Chappo Guzman," aka "El Architecto," ARTURO GUZMAN-LOERA, aka
2 | "Pollo Guzman," HUMBERTO LOYA-CASTRO, aka "Licenciado Perez,"
3 | MIGUEL ANGEL MARTINEZ-MARTINEZ, aka "El Tololoche," aka "Tolo,"
4 | aka "Gordo," aka "Compadre," ENRIQUE AVALOS-BARRIGA, aka "El
5 | Doctor," aka "El Medico," aka "Juan Jose Robles," aka "Jose
6 | Bautista," aka "Don Chepe," aka "Don Vicente," aka "Flacco,"
7 | ANTONIO REYNOSO-GONZALEZ, aka "El Ingeniero," aka "El Inje," aka
8 | "El Electrico," aka "El Electrista," aka "Flacco," JESUS REYNOSO-
9 | GONZALEZ, aka "Chispas," JOSE REYNOSO-GONZALEZ, aka "Pepe
10 | Reynoso," aka "The Engineer's Brother," LUIS FERNANDO GONZALEZ,
11 | aka "La Gori," aka "Norberto Guzman," JORGE RAMIREZ-CORDOVA, aka
12 | "Alberto Parra-Zamora," aka "The Coach," aka "The Trainer,"
13 | SALVADOR REZA, GERALDO ANTONIO FRISBIE-CALDERON, ENRIQUE SUAREZ-
14 | ESTRADA, JUAN ESTRADA, aka "Manuel Trevino-Soto," JORGE ALBERTO
15 | SALLES, aka "El Pedoritto," aka "Memo Jr.," RODRIGO SUAVITA, aka
16 | "Rocky," aka "Andres Mejia," ADALBERTO PARTIDA-CHAVEZ, aka "Jose
17 | Bautista," aka "Beto," aka "Enrique Del Real-Moreno," aka
18 | "Vecino," SERGIO RODRIGUEZ-GUZMAN, JOSE LUIS GUZMAN, JOSE SANCHEZ,
19 | aka "El Pajarito," FRANCISCO ERIC ROCHA and RICARDO YUDICE-CAMPOS
20 | did knowingly and intentionally conspire together and with each
21 | other and with other persons known and unknown to the grand jury
22 | to import and to possess, with intent to distribute, cocaine, a
23 | Schedule II Controlled Substance, in violation of Title 21, United
24 | States Code, Section 841(a)(1).

3

1    <u>Manner and Means</u>

2        1.   Defendant JOAQUIN GUZMAN-LOERA, aka "Chappo Guzman," aka

3    "El Architecto" (hereinafter "JOAQUIN GUZMAN"), directed the

4    operations of a drug transportation organization ("the Guzman

5    organization") until his arrest in Mexico City in June, 1993,

6    after which he has directed the Guzman organization through his

7    brother, defendant ARTURO GUZMAN-LOERA, aka "Pollo Guzman"

8    (hereinafter ARTURO GUZMAN).

9        2.   Defendant JOAQUIN GUZMAN and members of the Guzman

10   organization arranged for transportation of cocaine from Colombia

11   to the interior of Mexico, from the interior of Mexico to the

12   border, and then into and throughout the United States using

13   various means, including but not limited to jets, rail cars,

14   tunnels and car loads.

15       3.   Defendant MIGUEL ANGEL MARTINEZ-MARTINEZ, aka "El

16   Tololoche," aka "Tolo," aka "Gordo," aka "Compadre" (hereinafter

17   "MARTINEZ"), directed the United States operations of the Guzman

18   organization through his emissary in the United States, defendant

19   ENRIQUE AVALOS-BARRIGA, aka "El Doctor," aka "El Medico," aka

20   "Juan Jose Robles," aka "Jose Bautista," aka "Don Chepe," aka "Don

21   Vicente," aka "Flacco" (hereinafter AVALOS).

22       4.   Defendant AVALOS directed the transportation of cocaine

23   across the border for the Guzman organization using various means,

24   including hiding the narcotics in rail cars carrying cooking oil

25   and directing construction of secret tunnels from Mexico into the

26   United States.

27

28                                    4

1    5.   Defendant AVALOS, with the assistance of defendant LUIS

2    FERNANDO GONZALEZ, aka "La Gori," aka "Norberto Guzman"

3    (hereinafter "GONZALEZ") ADALBERTO PARTIDA-CHAVEZ, aka "Juan

4    Bautista," aka "Beto," aka "Enrique Del Real-Moreno," aka "Vecino"

5    (hereinafter PARTIDA) and RICARDO YUDICE-CAMPOS (hereinafter

6    "YUDICE"), leased and prepared warehouses in California, Chicago

7    and New Jersey, to store cocaine once it was transported across

8    the border from Mexico.

9    6.   Defendant SALVADOR REZA (hereinafter "REZA"), who owns

10   Commercial Real Estate Services ("CRESE") in El Monte, California,

11   acted as a broker for the warehouses set up in California.

12   7.   Defendants JOSE REYNOSO, ANTONIO REYNOSO and JESUS

13   REYNOSO used the Reynoso businesses to lend an air of legitimacy

14   to the Guzman organization's importation of cocaine and

15   exportation of money.

16   8.   Defendant ANTONIO REYNOSO arranged for the

17   transportation of cocaine into and throughout the United States

18   under the direction of defendant AVALOS.

19   9.   Members of the Guzman organization constructed a tunnel

20   approximately 65 feet below the surface, which began in Mexico and

21   extended approximately 1416 feet across the border into Otay Mesa,

22   California, intending to reach the warehouse being constructed by

23   defendants JOSE and JESUS REYNOSO on the Siempre Viva property.

24                          OVERT ACTS

25       In furtherance of said conspiracy and to effect the objects

26   thereof, the following overt acts, among others, were committed

27   within the Southern District of California and elsewhere:

28                                5

## Use Of Jets

1.   In or about February or March, 1990, in Mexico City, Mexico, defendants JOAQUIN GUZMAN and MARTINEZ arranged to set up a front company known as Servicious Aero Ejectivos Poblanos, S.A. ("SAEPSA"), which later became Aeroabastos, to transport money exported from, and cocaine imported to, the United States for the Guzman organization while claiming the company was to rent jets for company executives.

2.   Throughout 1990 and 1991, defendant MARTINEZ in Mexico City, Mexico, received shipments of money from the United States, shipped by Guillermo Saillez-Cuervo, aka Enrique Perez, aka "Memo," (indicted elsewhere), from Los Angeles, California to Mexico City.

## Bribes

3.   In or about March, 1991, in San Diego, California, Juan Carlos Alvarez-Guerrero (indicted elsewhere) attempted to bribe an Immigration Inspector to allow him to import, from Mexico into the United States, contraband, later determined to be a load of cocaine.

4.   On or about March 15, 1991, in San Diego, California, Victor Manuel Gaxiola-Garcia drove and Rodolfo Lizarraga-Valenzuela rode as a passenger in a van containing approximately 283 kilograms of cocaine, while Juan Carlos Alvarez-Guerrero followed in a car, across the border from Mexico into the United States at the San Ysidro Port of Entry.

6

### Los Angeles Warehouses

5. In or about July, 1991, in Los Angeles, California, Ismael Garza-Villareal leased a warehouse under the business name of Agroquimicos, for the purpose of storing narcotics imported by the Guzman organization.

6. In or about May, 1992, in Mexico City, Mexico, defendant AVALOS caused a warehouse to be opened by Roberto Sanchez and Ismael Garza-Villareal under the business name of Agroquimicos, for the purpose of loading narcotics into chile cans and rail cars for importation to the United States.

7. In or about September 3, 1991, in the City of Industry, California, defendant RAMIREZ introduced a person he identified as "Angel Ochoa" to realtors, so that Ochoa, together with defendant AVALOS, could rent a warehouse for the purpose of storing cocaine on Red Hat Lane, under the business name of Ochoa Bros. Mexican Food Products.

### Tecate Seizure

8. In or about April, 1993, in Tecate, Mexico, defendant AVALOS leased a warehouse, under the company name of Distribudores de Basicos ("the Basicos warehouse"), guaranteed by defendant ANTONIO REYNOSO, for storage of and eventual importation of cocaine through Otay Mesa, California, to Los Angeles, California.

9.   On or about April 21, 1993, in Tecate, Mexico, Armando Reyes-Gonzalez, charged elsewhere, drove a tractor trailer containing 1400 cases of cans marked with La Comadre brand of jalapeno chile peppers, each can containing approximately one kilogram of cocaine (for a total of 7.3 tons of cocaine) which he was to deliver to the Basicos warehouse.

### The Tunnel

10.  On or about September 5, 1994, in Chicago, Illinois, defendant AVALOS discussed by telephone with defendant MARTINEZ (located in Mexico) the feasibility of constructing a secret, underground tunnel crossing the United States - Mexico border at a location between San Luis Colorado, Mexico and Mexicali, Mexico.

### Transfer of Cash

11.  On or about November 22, 1993, in Los Angeles, California, defendant JOSE REYNOSO gave $10,000 in U.S. currency to another person to be delivered to defendant AVALOS (using the name Juan Jose Robles) in Chicago, Illinois.

12.  On or about November 29, 1993, in Los Angeles, California, defendant JOSE REYNOSO gave $20,000 cash to another person to be delivered to defendant AVALOS (using the alias Juan Jose Robles) in Chicago, Illinois.

### Warehouses in Los Angeles and Texas

13.  On or about June 13, 1994, in Chicago, Illinois, defendant AVALOS spoke by telephone with defendant

8

```
1              ANTONIO REYNOSO (located in Los Angeles, California) and
2              advised ANTONIO REYNOSO that he, AVALOS would send
3              defendant GONZALEZ, who would be using the name Norberto
4              Guzman and would be acting on behalf of Agro Industrias,
5              to Los Angeles to meet with defendant JOSE REYNOSO's
6              broker, defendant REZA, so that the Guzman organization
7              could locate a warehouse in Los Angeles to store
8              cocaine.
9      14.     On or about June 24, 1994, defendant AVALOS directed
10             defendant GONZALEZ to travel from Chicago, Illinois, to
11             Los Angeles, California, to find a warehouse in Los
12             Angeles for the Guzman organization to store its
13             cocaine.
14     15.     On or about August 5, 1994, in Los Angeles, California,
15             defendants GONZALEZ, ESTRADA and REZA filed a business
16             license application and occupancy permit for a warehouse
17             located on railroad tracks at 14325 Alondra Boulevard in
18             La Mirada, California ("the Alondra warehouse"), using
19             the name of Agro Industrias Unidas, SA de CV, claiming
20             that the purpose of the business was to "export edible
21             oil."
22     16.     In or about April, 1995, in Los Angeles, California,
23             defendant GONZALEZ negotiated with the lessor of the
24             Alondra warehouse to arrange for use of a rail spur
25             leading to the Alondra warehouse.
26     17.     In or about April, 1995, in Los Angeles, California,
27             defendant GONZALEZ placed a series of telephone calls to
28                                    9
```

Union Tank to arrange for the lease of rail cars on behalf of Agro Industrias Unidas.

### The New Jersey Warehouse

18. On or about August 25, 1994, in the Republic of Mexico, defendant JORGE ALBERTO SALLES, aka "El Pedoritto," aka "Memo Jr." (hereinafter "SALLES") son of Guillermo Saillez-Cuervo, indicted elsewhere, attempted to reach defendant AVALOS so that he (SALLES) could introduce defendant RODRIGO SUAVITA, aka "Rocky," aka "Andres Mejia" (hereinafter "SUAVITA"), a resident of Cali, Colombia, to defendant AVALOS.

19. On or about August 25, 1994, in the Republic of Mexico, defendant SALLES spoke by telephone with Raul Guzman (indicted elsewhere) and told him defendant SUAVITA had cocaine he needed transported and stored in the United States.

20. On or about August 25, 1994, defendant AVALOS spoke by telephone with Raul Guzman (indicted elsewhere) who was located in San Antonio, Texas, and told Raul Guzman to discuss the cost and mechanics of picking up and storing cocaine with defendant SUAVITA.

21. On or about August 25, 1994, in San Antonio, Texas, Raul Guzman (indicted elsewhere) met with defendant SUAVITA, and later summarized the meeting by telephone to defendant AVALOS.

22. On or about August 26, 1994, in San Antonio, Texas, Raul Guzman (indicted elsewhere) arranged for defendant

10

SUAVITA to fly to Los Angeles to meet with defendant ANTONIO REYNOSO and view the Los Angeles operations of the Guzman organization.

23.   On or about August 26, 1994, defendant SUAVITA flew from San Antonio, Texas, to Los Angeles, California, and met with defendant ANTONIO REYNOSO at a warehouse located at 1409L Virginia Avenue in Baldwin Park, California ("the Virginia Street warehouse"), leased by defendant YUDICE.

24.   On or about September 8, 1994, defendant SUAVITA called defendant AVALOS in Chicago, Illinois and said he wanted to hire defendant AVALOS to transport cocaine from Chicago to New York, to which defendant AVALOS replied that he would require some time to open a warehouse in New York.

25.   On or about September 9, 1994, defendant AVALOS directed defendant GONZALEZ to fly to Newark, New Jersey, where defendant GONZALEZ leased and prepared a warehouse, located at 985 B Linden Avenue, Linden, New Jersey, operating under the business name of "Quinones Machinery."

                    The Chicago Warehouse

26.   On or about July 13, 1994, in the Republic of Mexico, defendant MARTINEZ spoke by telephone with defendant AVALOS (located in Chicago, Illinois) and said that he (MARTINEZ) was sending two couriers to Chicago, Illinois, from Guadalajara, Mexico, to pick up money,

11

"1000" of which defendant MARTINEZ acknowledged must be paid to defendant ANTONIO REYNOSO.

27.  On or about July 15, 1994, in Chicago, Illinois, defendant AVALOS spoke by telephone with a courier, defendant JOSE LUIS GUZMAN, and told him he would send "Norberto Guzman" (an alias used by defendant GONZALEZ) to take care of transportation to the airport, tickets and expenses.

28.  On or about July 16, 1994, in Chicago, Illinois, defendant GONZALEZ met with the two couriers, sent by defendant MARTINEZ, and provided them with airline tickets to Guadalajara, Mexico and expense money, after which he transported them to the Chicago airport.

29.  On or about July 16, 1994, at O'Hare International Airport in Chicago, Illinois, defendants JOSE LUIS GUZMAN and SERGIO RODRIGUEZ-GUZMAN (hereinafter "RODRIGUEZ") checked two television boxes, addressed to defendant ARTURO GUZMAN which contained $350,000 in U.S. currency each, from Chicago, Illinois, to Guadalajara, Mexico.

30.  On or about July 16, 1994, in Chicago, Illinois, defendant AVALOS called defendant PARTIDA to report that the couriers did not arrive in Guadalajara as scheduled, to which PARTIDA replied that La Gori (defendant GONZALEZ) had taken them (the couriers) to the airport.

31.  On or about July 16, 1994, in Chicago, Illinois, defendant AVALOS spoke by telephone with defendant

12

PARTIDA and told him not to worry about the couriers because "they fell."

32. On or about July 16, 1994, in Chicago, Illinois, defendant AVALOS told defendant PARTIDA that "El Ingeniero" (defendant ANTONIO REYNOSO) was buying "the machinery" and it would be ready soon.

33. On or about July 19, 1994, in Chicago, Illinois, defendant PARTIDA purchased a forklift for the Chicago warehouse.

34. In or about July, 1994, in Chicago, Illinois, defendant GONZALEZ leased a warehouse at 9124 Medill, Franklin Park, Illinois, operating under the business name of Melvyn's Machinery ("the Chicago Warehouse").

35. In or about April, 1994, defendant YUDICE leased the Virginia Street warehouse in Baldwin Park, California.

36. In or about September, 1994, defendant AVALOS caused a boiler to be sent from Chicago, Illinois, to Los Angeles, California.

37. In or about September, 1994, at the Virginia Street warehouse, defendant YUDICE modified several boilers so cocaine could be concealed in PVC pipes inside the boilers.

38. On or about September 21, 1994, in Chicago, Illinois, defendant PARTIDA called "Jose" and told Jose to tell "El Pajarito" (an alias used by defendant JOSE SANCHEZ) to stay at the "Big House" (the Chicago warehouse) until 6 p.m.

13

39.   On or about September 22, 1994, in Chicago, Illinois, defendant AVALOS spoke by telephone with defendant ANTONIO REYNOSO (located in Los Angeles, California) and discussed a "small delivery" that ANTONIO REYNOSO was sending to Chicago in the "same machine."

40.   On or about September 23, 1994, in Chicago, Illinois, defendant ANTONIO REYNOSO caused approximately 390 kilograms of cocaine to be delivered to the Chicago warehouse secreted in a boiler sent by defendant AVALOS to ANTONIO REYNOSO earlier in the month and modified by defendant YUDICE.

41.   On or about September 23, 1994, in Chicago, Illinois, defendant FRANCISCO ERIC ROCHA left the Chicago warehouse driving a car containing approximately 120 kilograms of cocaine.

42.   On or about September 23, 1994, in Chicago, Illinois defendant JOSE SANCHEZ guarded the Chicago warehouse, which then held approximately 270 kilograms of cocaine and two cars with secret compartments.

43.   On or about October 1, 1994, defendants AVALOS, JOSE SANCHEZ and PARTIDA drove from Chicago, Illinois to San Antonio, Texas, in one car then switched to another car with Mexican license plates in order to avoid detection by law enforcement authorities when they crossed the border into Mexico.

44.   On or about October 1, 1994, defendant AVALOS travelled to Mexico to meet members of the Guzman organization to

14

1         explain the loss of the cocaine and money in Chicago,

2         Illinois.

3 All in violation of Title 21, United States Code, Section 846.

4 Count 2

5 Continuing Criminal Enterprise

6     Beginning at a date unknown to the grand jury and continuing

7 up to and including June 23, 1995, within the Southern District of

8 California, and elsewhere, defendants ENRIQUE AVALOS-BARRIGA did

9 knowingly and intentionally engage in a continuing criminal

10 enterprise by violating various provisions of the Controlled

11 Substances Act (Title 21, United States Code, Sections 841, 846,

12 952, 960 and 963) as alleged in Overt Acts 1-44 of Count 1 of this

13 indictment, which offenses were part of a continuing series of

14 violations of the Controlled Substances Act, involving more than

15 150 kilograms of cocaine and were undertaken by defendants ENRIQUE

16 AVALOS-BARRIGA in concert with at least five other persons with

17 respect to whom defendant ENRIQUE AVALOS-BARRIGA occupied a

18 position of principal administrator, organizer and leader and from

19 which such continuing series of violations defendant ENRIQUE

20 AVALOS-BARRIGA obtained substantial income and resources; in

21 violation of Title 21, United States Code, Section 848(b).

22 FORFEITURE ALLEGATION

23     The allegation contained in Count 1 is realleged and by its

24 reference fully incorporated herein for the purpose of alleging

25 forfeiture to the United States of America pursuant to the

26 provisions of Title 21, United States Code, Section 853.

27

28 15

1       As a result of the commission of the felony offense alleged

2   in Count 1, said violation being punishable by imprisonment for

3   more than one year, and pursuant to Title 21, United States Code,

4   Section 853(a)(2), defendants JOAQUIN GUZMAN-LOERA aka "Chappo

5   Guzman," aka "El Architecto," ARTURO GUZMAN-LOERA, aka "Pollo

6   Guzman," HUMBERTO LOYA-CASTRO, aka "Licenciado Perez," MIGUEL

7   ANGEL MARTINEZ-MARTINEZ, aka "El Tololoche," aka "Tolo," aka

8   "Gordo," aka "Compadre," ENRIQUE AVALOS-BARRIGA, aka "El Doctor,"

9   aka "El Medico," aka "Juan Jose Robles," aka "Jose Bautista," aka

10  "Don Chepe," aka "Don Vicente," aka "Flacco," ANTONIO REYNOSO-

11  GONZALEZ, aka "El Ingeniero," aka "El Inje," aka "El Electrico,"

12  aka "El Electrista," aka "Flacco," JESUS REYNOSO-GONZALEZ, aka

13  "Chispas," JOSE REYNOSO-GONZALEZ, aka "Pepe Reynoso," aka "The

14  Engineer's Brother," LUIS FERNANDO GONZALEZ, aka "La Gori," aka

15  "Norberto Guzman," JORGE RAMIREZ-CORDOVA, aka "Alberto Parra-

16  Zamora," aka "The Coach," aka "The Trainer," SALVADOR REZA,

17  GERALDO ANTONIO FRISBIE-CALDERON, ENRIQUE SUAREZ-ESTRADA, JUAN

18  ESTRADA, aka "Manuel Trevino-Soto," JORGE ALBERTO SALLES, aka

19  "El Pedoritto," aka "Memo Jr.," RODRIGO SUAVITA, aka "Rocky," aka

20  "Andres Mejia," ADALBERTO PARTIDA-CHAVEZ, aka "Jose Bautista," aka

21  "Beto," aka "Enrique Del Real-Moreno," aka "Vecino," SERGIO

22  RODRIGUEZ-GUZMAN, JOSE LUIS GUZMAN, JOSE SANCHEZ, aka

23  "El Pajarito," and FRANCISCO ERIC ROCHA shall, upon conviction,

24  forfeit to the United States all their rights, title and interest

25  in any and all property used or intended to be used in any manner

26  or part to commit or to facilitate the commission of the violation

27

28          16

1   which case such other property shall be substituted and forfeited

2   to the United States.

3          DATED:   August 23, 1996.

4

5                                              A TRUE BILL:

6

7                                              _____

8                                              Foreperson

9   ALAN D. BERSIN
    United States Attorney

10

11  By:_____
        CYNTHIA A. BASHANT
12      Assistant U.S. Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26
27

28
                                    18

1

COURT'S INSTRUCTION NO.   _____

2

3

4       Members of the jury, now that you have heard all the evidence

5   and the arguments of attorneys, it is my duty to instruct you on

6   the law which applies to this case.  A copy of these instructions

7   will be available in the jury room for you to consult if you find

8   it necessary.

9       It is your duty to find the facts from all the evidence in

10  the case.  To those facts you will apply the law as I give it to

11  you.  You must follow the law as I give it to you whether you

12  agree with it or not.  And you must not be influenced by any

13  personal likes or dislikes, opinions, prejudices, or sympathy.

14  That means that you must decide the case solely on the evidence

15  before you.  You will recall that you took an oath promising to do

16  so at the beginning of the case.

17      In following my instructions, you must follow all of them and

18  not single out some and ignore others; they are all equally

19  important.  And you must not read into these instructions or into

20  anything the court may have said or done any suggestion as to what

21  verdict you should return--that is a matter entirely up to you.

22

23

24

25

26  Committee on Model Criminal Jury Instructions - Ninth Circuit,
    Manual of Model Jury Instructions for the Ninth Circuit, § 3.01
27  (1995 Edition - West Publishing Co.)

28  [Duties of Jury to Find Facts and Follow Law]

1                COURT'S INSTRUCTION NO. ____

2         (

3

4       The indictment in this case accuses the defendant of

5 committing two offenses: (1) conspiring to import cocaine and to

6 possess, with intent to distribute, cocaine; and (2) being a

7 principal administrator, organizer or leader of a continuing

8 criminal enterprise. The indictment says that beginning at a date

9 unknown and continuing up to and including June 23, 1995, in the

10 Southern District of California, and elsewhere, the defendant

11 conspired to import cocaine and to possess, with intent to

12 distribute cocaine, and that he was a principal administrator,

13 organizer or leader of a continuing criminal enterprise. The

14 defendant has pleaded not guilty to those charges.

15       The indictment is not evidence. The defendant is presumed to

16 be innocent and does not have to present any evidence to prove

17 innocence. The Government has the burden of proving every element

18 of the charge beyond a reasonable doubt. If it fails to do so,

19 you must return a not guilty verdict.

20

21

22

23

24

25

26

27

28 Committee on Model Criminal Jury Instructions - Ninth Circuit,
Manual of Model Jury Instructions for the Ninth Circuit, § 3.02.01
(1995 Edition - West Publishing Co. [revised 4/27/96])

1    COURT'S INSTRUCTION NO. ____

2

3

4       A reasonable doubt is a doubt based upon reason and common

5    sense, and may arise from a careful and impartial consideration of

6    all the evidence, or from lack of evidence.   Proof beyond a

7    reasonable doubt is proof that leaves you firmly convinced that

8    the defendant is guilty.

9       If after a careful and impartial consideration of all the

10   evidence, you are not convinced beyond a reasonable doubt that the

11   defendant is guilty, it is your duty to find the defendant not

12   guilty.   On the other hand, if after a careful and impartial

13   consideration of all the evidence, you are convinced beyond a

14   reasonable doubt that the defendant is guilty, it is your duty to

15   find the defendant guilty.

16

17

18

19

20

21

22

23

24

25

26   Committee on Model Criminal Jury Instructions - Ninth Circuit,
     Manual of Model Jury Instructions for the Ninth Circuit, § 3.03
27   (1995 Edition - West Publishing Co.)

28   [Reasonable Doubt--Defined]

1    COURT'S INSTRUCTION NO. _____

2

3

4        The evidence from which you are to decide what the facts are

5    consists of (1) the sworn testimony of witnesses, both on direct

6    and cross-examination, regardless of who called the witness;

7    (2) the exhibits which have been received into evidence; and

8    (3) any facts to which all the lawyers have agreed or stipulated.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    Committee on Model Criminal Jury Instructions - Ninth Circuit,
      Manual of Model Jury Instructions for the Ninth Circuit, § 3.04
27    (1995 Edition - West Publishing Co.)

28    [What is Evidence]

1

COURT'S INSTRUCTION NO. _____

2

3

4    In reaching your verdict you may consider only the testimony
5    and exhibits received into evidence.  Certain things are not
6    evidence and you may not consider them in deciding what the facts
7    are.  I will list them for you:

8        1.   Arguments and statements by lawyers are not evidence.
9    The lawyers are not witnesses.  What they have said in their
10   opening statements, closing arguments and at other times is
11   intended to help you interpret the evidence, but it is not
12   evidence.  If the facts as you remember them differ from the way
13   the lawyers have stated them, your memory of them controls.

14       2.   Questions and objections by lawyers are not evidence.
15   Attorneys have a duty to their clients to object when they believe
16   a question is improper under the rules of evidence.  You should
17   not be influenced by the objection or by the court's ruling on it.

18       3.   Testimony that has been excluded or stricken, or that
19   you have been instructed to disregard, is not evidence and must
20   not be considered.  In addition some testimony and exhibits have
21   been received only for a limited purpose; where I have given a
22   limiting instruction, you must follow it.

23       4.   Anything you may have seen or heard when the court was
24   not in session is not evidence.  You are to decide the case solely
25   on the evidence received at the trial.

26   Committee on Model Criminal Jury Instructions - Ninth Circuit,
     Manual of Model Jury Instructions for the Ninth Circuit, § 3.05
27   (1995 Edition - West Publishing Co.)

28   [What is Not Evidence]

1

2

3

4

5

6

7

8

9

10

11

COURT'S INSTRUCTION NO. _____


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.06 (1995 Edition - West Publishing Co.)

[Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. ＿＿

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.07 (1995 Edition - West Publishing Co.)

[Credibility of Witnesses]

COURT'S INSTRUCTION NO.  __28__

You have heard testimony that Miguel Angel Segoviano, a witness, received benefits in connection with this case. Likewise, Miguel Angel Segoviano and Raul Guzman-Enriquez admitted being accomplices to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. The testimony of such an alleged accomplice must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of the crime.

Raul Guzman-Enriquez admitted that he pled guilty to a felony, a crime for which a person may receive a prison sentence of more than one year. The fact that Raul Guzman has entered a plea of guilty to the offense charged is not evidence of the guilt of a defendant. It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has been previously convicted of a felony.

1          COURT'S INSTRUCTION NO. ____

2

3

4      A separate crime is charged against the defendant in each

5   count.  You must decide the case on each crime charged against that

6   defendant separately.  Your verdict on any count should not control

7   your verdict on any other count.

8      All of the instructions apply to each count unless a specific

9   instruction states that it applies only to a specific count.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Committee on Model Criminal Jury Instructions - Ninth Circuit,
    Manual of Model Jury Instructions for the Ninth Circuit, § 3.11
27  (1995 Edition - West Publishing Co.)

28  [Separate Consideration of Multiple Counts and Multiple Defendants]

1

COURT'S INSTRUCTION NO. _____

2

3

4          The defendant is on trial only for the crime charged in the

5     indictment, not for any other activities.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26     Committee on Model Criminal Jury Instructions - Ninth Circuit,
       Manual of Model Jury Instructions for the Ninth Circuit, § 3.12
27     (1995 Edition - West Publishing Co.)

28     [Activities Not Charged]

1

2

3

COURT'S INSTRUCTION NO.  _____

4      The  case  against  defendant  Enrique  Avalos-Barriga's

5  codefendants has been disposed of and is no longer before you.  Do

6  not guess or speculate as to the reason for the disposition.  The

7  disposition should not influence your verdict with reference to

8  the remaining defendant, and you must base your verdict solely on

9  the evidence against the remaining defendant.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Committee on Model Criminal Jury Instructions - Ninth Circuit,
    Manual of Model Jury Instructions for the Ninth Circuit, § 2.13
27  (1995 Edition - West Publishing Co.)

28  [Disposition of Charge Against Codefendant]

1

COURT'S INSTRUCTION NO. ____

2

3

4          You have heard testimony from persons described as experts.

5     Persons who, by education and experience, have become expert in

6     some field may state their opinion on matters in that field and

7     may also state their reasons for the opinion.

8          Expert opinion testimony should be judged just like any other

9     testimony.   You may accept it or reject it, and give it as much

10    weight as   you   think   it   deserves,   considering   the   witness'

11    education and experience, the reasons given for the opinion, and

12    all the other evidence in the case.

13

14

15

16

17

18

19

20

21

22

23

24

25

26    Committee on Model Criminal Jury Instructions - Ninth Circuit,
      Manual of Model Jury Instructions for the Ninth Circuit, § 4.16
27    (1995 Edition - West Publishing Co.)

28    [Opinion Evidence, Expert Witness]

COURT'S INSTRUCTION NO. _____

I                                                        ___

      The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

      If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

      Devitt and Blackmar, 4th Ed., § 15.06

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1              COURT'S INSTRUCTION NO. ____

2

3

4          Certain charts and summaries have been shown to you in order

5     to help explain the facts disclosed by the books, records, and

6     other documents which are in evidence in the case.  They are not

7     themselves evidence or proof of any facts.  If they do not

8     correctly reflect the facts or figures shown by the evidence in

9     the case, you should disregard these charts and summaries and

10    determine the facts from the underlying evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    Committee on Model Criminal Jury Instructions - Ninth Circuit,
      Manual of Model Jury Instructions for the Ninth Circuit, § 4.17
27    (1995 Edition - West Publishing Co.)

28    [Summaries Not Received In Evidence]

1    COURT'S INSTRUCTION NO. _____

2

3

4        The defendant is charged in Count 1 of the indictment with

5    conspiring to import and to possess cocaine with intent to

6    distribute in violation of Sections 846 and 841(a)(1) of Title 21

7    of the United States Code.  In order for the defendant to be found

8    guilty of that charge, the Government must prove each of the

9    following elements beyond a reasonable doubt:

10       First:    Beginning on a date unknown, and continuing

11                 up to and including June 23, 1995, there was

12                 an agreement between two or more persons to

13                 commit at least one crime as charged in the

14                 indictment; and

15       Second:   The defendant became a member of the

16                 conspiracy knowing of at least one of its

17                 objects and intending to help accomplish it;

18       I shall discuss with you briefly the law relating to each of

19   these elements.

20       A conspiracy is a kind of criminal partnership--an agreement

21   of two or more persons to commit one or more crimes.  The crime of

22   conspiracy is the agreement to do something unlawful; it does not

23   matter whether the crime agreed upon was committed.

24

25

26   Committee on Model Criminal Jury Instructions - Ninth Circuit,
     Manual of Model Jury Instructions for the Ninth Circuit, § 8.05A
27   (1995 Edition - West Publishing Co.)

28   [Conspiracy--Elements]

     (1 of 2)

1        For a conspiracy to have existed, it is not necessary that

2    the conspirators made a formal agreement or that they agreed on

3    every detail of the conspiracy.  It is not enough, however, that

4    they simply met, discussed matters of common interest, acted in

5    similar ways, or perhaps helped one another.  You must find that

6    there was a plan to commit at least one of the crimes alleged in

7    the indictment as an object of the conspiracy with all of you

8    agreeing as to the particular crime which the conspirators agreed

9    to commit.

10        One  becomes  a  member  of  a  conspiracy  by  willfully

11   participating in the unlawful plan with the intent to advance or

12   further some object or purpose of the conspiracy, even though the

13   person does not have full knowledge of all the details of the

14   conspiracy.   Furthermore, one who willfully joins an existing

15   conspiracy is as responsible for it as the originators.   On the

16   other hand, one who has no knowledge of a conspiracy, but happens

17   to act in a way which furthers some object or purpose of the

18   conspiracy, does not thereby become a conspirator.  Similarly, a

19   person does not become a conspirator merely by associating with

20   one or more persons who are conspirators, nor merely by knowing

21   that a conspiracy exists.

22        Once you have decided that the defendant was a member of a

23   conspiracy,  the  defendant  is  responsible  for  what  other

24   conspirators said or did to carry out the conspiracy, whether or

25   not the defendant knew what they said or did.

26   Committee on Model Criminal Jury Instructions - Ninth Circuit,
     Manual of Model Jury Instructions for the Ninth Circuit, § 8.05A
27   (1995 Edition - West Publishing Co.)

28   [Conspiracy--Elements]

     (2 of 2)

COURT'S INSTRUCTION NO.  ____

As part of the conspiracy count in Count 1 of the indictment defendant is charged with conspiracy to possess, with intent to distribute, cocaine in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First:     The defendant knowingly possessed cocaine; and

Second:    The defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was cocaine.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 9.04A (1995 Edition - West Publishing Co.)

[Controlled  Substance--Possession  With  Intent  To  Distribute (21 U.S.C. § 841(a)(1))]

1

COURT'S INSTRUCTION NO. _____

2

3

4       A person has possession of something if the person knows of

5   its presence and has physical control of it, or has the power and

6   intention to control it.

7       More than one person can be in possession of something if

8   each knows of its presence and has the power and intention to

9   control it.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   Committee on Model Criminal Jury Instructions - Ninth Circuit,
     Manual of Model Jury Instructions for the Ninth Circuit, § 3.16
27   (1995 Edition - West Publishing Co.)

     [Possession--Defined]
28

     [Controlled Substance--Possession With Intent To Distribute (21
     U.S.C. § 841(a)(1))]

COURT'S INSTRUCTION NO. _____

As part of the conspiracy count in Count 1 of the indictment defendant is charged with conspiracy to unlawfully import cocaine in violation of Sections 952 and 960 of Title 21 of the United States Code. In order for the defendant to be found guilty of cocaine importation, the Government must prove each of the following elements beyond a reasonable doubt:

First:    The defendant intentionally brought cocaine
          into the United States; and

Second:   The defendant knew that it was cocaine or
          some other prohibited drug.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 9.04M (1995 Edition - West Publishing Co.)

[Controlled Substance--Unlawful Importation (21 U.S.C. §§ 952 and 960)]

COURT'S INSTRUCTION NO.  _____

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The Government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 5.06 (1995 Edition - West Publishing Co.)

[Knowingly--Defined]

1          COURT'S INSTRUCTION NO.  ____

2

3

4          A defendant may be found guilty of importation or possession

5     of cocaine with intent to distribute, even if the defendant

6     personally did not commit the act or acts constituting the crime

7     but aided and abetted in its commission.  To prove a defendant

8     guilty of aiding and abetting, the Government must prove beyond a

9     reasonable doubt:

10         First:    That either cocaine was imported or possessed

11                   with intent to distribute;

12         Second:   The  defendant  knowingly  and  intentionally

13                   aided,  counseled,  commanded,  induced  or

14                   procured other persons to import or possess

15                   the cocaine with intent to distribute; and

16         Third:    The  defendant  acted  before  the  crime  was

17                   completed.

18         It is not enough that the defendant merely associated with

19    certain persons, or was present at the scene of the crime, or

20    unknowingly or unintentionally did things that were helpful to the

21    principal.

22         The evidence must show beyond a reasonable doubt that the

23    defendant acted with the knowledge and intention of helping

24    members of the conspiracy commit the importation or possession of

25    cocaine with intent to distribute.

26    Committee on Model Criminal Jury Instructions - Ninth Circuit,
      Manual of Model Jury Instructions for the Ninth Circuit, § 5.01
27    (1995 Edition - West Publishing Co.)

28    [Aiding and Abetting]

      (1 of 2)

1       The Government is not required to prove precisely which

2  defendant actually committed the crime and which defendant aided

3  and abetted.

25  Committee on Model Criminal Jury Instructions - Ninth Circuit,
    Manual of Model Jury Instructions for the Ninth Circuit, § 5.01
26  (1995 Edition - West Publishing Co.)

27  [Aiding and Abetting]

28  (2 of 2)

1

2

3
           COURT'S INSTRUCTION NO. _____

4       For the conspiracy charge alleged in Count 1 of the

5 indictment, the Government is not required to prove that the

6 amount or quantity of cocaine was as charged in the indictment.

7 It need only prove beyond a reasonable doubt that there was a

8 measurable amount of cocaine.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Committee on Model Criminal Jury Instructions - Ninth Circuit,
Manual of Model Jury Instructions for the Ninth Circuit, § 9.04P

28   (1995 Edition - West Publishing Co.)

[Controlled Substance--Actual Amount Charged Need Not Be Proved]

COURT'S INSTRUCTION NO. _____

The defendant is charged in Count 2 of the indictment with being a principal administrator, organizer or leader of a continuing criminal enterprise in violation of Section 848(b) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First:     The defendant committed a felony drug offense which involved a least 150 kilograms of cocaine;

Second:    The offense was part of a continuing series of three or more offenses committed by the defendant over a definite period of time;

Third:     The defendant committed the offenses together with five or more other persons;

Fourth:    The defendant acted as the principal administrator, organizer or leader of the five or more other persons; and

Fifth:     The defendant obtained substantial income or resources from the violations.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 9.04L (1995 Edition - West Publishing Co.)

[Controlled Substance--Continuing Criminal Enterprise (21 U.S.C. § 848) [modified]

(1 of 2)

1    The Government does not have to prove that all five or more

2    of the other persons operated together at the same time, nor does

3    the Government have to prove that the defendant was the only

4    principal administrator organizer or leader of the enterprise; the

5    Government need only prove beyond a reasonable doubt that the

6    defendant was one of several such principal administrators,

7    organizers or leaders.

8    In reaching a verdict on Count 2 of the indictment you must

9    unanimously agree on the three offenses constituting a series of

10   violations of the factual narcotics laws, and you must unanimously

11   agree on at least five of the persons who the defendants

12   supervised or managed.

13   Finally, I instruct you that the term "income and resources"

14   means the receipt of money or property.

26   Committee on Model Criminal Jury Instructions - Ninth Circuit,
     Manual of Model Jury Instructions for the Ninth Circuit, § 9.04L
     (1995 Edition - West Publishing Co.)

27   [Controlled Substance--Continuing Criminal Enterprise (21 U.S.C.
28   § 848)]

     (2 of 2)

1                  COURT'S INSTRUCTION NO. \_\_\_\_

2

3

4       With regard to the second element of the continuing criminal

5 enterprise charge in the indictment, the requirement that the

6 felony drug offense committed by the defendant was part of a

7 continuing series of three or more offenses committed by the

8 defendant over a definite period of time, any series of violations

9 of the federal narcotics laws will suffice.   Thus, for example,

10 one of the offenses may be possession, with intent to distribute

11 cocaine, while another one of the three offenses may be the

12 importation, or attempted importation of cocaine.

13       In your consideration of whether the government has proven a

14 series of violations as I have described them, I also instruct you

15 that it is a felony violation of the narcotics laws of the United

16 States to knowingly or intentionally use a telephone to help bring

17 about any of the offenses charged in Count 1 of the indictment. I

18 further instruct you that a separate felony offense is committed

19 each and every time a telephone is used in that manner.

20

21

22

23

24

25 Committee on Model Criminal Jury Instructions - Ninth Circuit,
Manual of Model Jury Instructions for the Ninth Circuit, § 9.04E
(1995 Edition - West Publishing Co.) (modified)

26

27 United States v. Zavala, 839 F.2d 523, 527 (9th Cir. 1988), cert.
denied, 488 U.S. 831 (1988).

28 United States v. Young, 745 F.2d 733, 754-55 (2nd Cir. 1984),
cert. denied, 470 U.S. 1084 (1985).

1          COURT'S INSTRUCTION NO.  ____

2

3

4          The law does not compel a defendant in a criminal case to

5   testify.  No presumption of guilt may be raised, and no inference

6   of any kind may be drawn from the fact that the defendant did not

7   testify.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   Committee on Model Criminal Jury Instructions - Ninth Circuit,
     Manual of Model Jury Instructions for the Ninth Circuit, § 3.02.02
27   (1995 Edition - West Publishing Co. [revised 4/27/96])

28   [Defendant's Decision Not to Testify]

COURT'S INSTRUCTION NO.  ____

     When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

     You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

     Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

     Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

     It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.01 (1995 Edition - West Publishing Co.)

[Duty to Deliberate]

1               COURT'S INSTRUCTION NO. _____

2

3

4       Your verdict must be based solely on the evidence and on the

5 law as I have given it to you in these instructions.   However,

6 nothing that I have said or done is intended to suggest what your

7 verdict should be--that is entirely for you to decide.

8       Some of you have taken notes during the trial.   Such notes

9 are only for the personal use of the person who took them.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 Committee on Model Criminal Jury Instructions - Ninth Circuit,
Manual of Model Jury Instructions for the Ninth Circuit, § 7.02

27 (1995 Edition - West Publishing Co.)

28 [Consideration of Evidence]

1

COURT'S INSTRUCTION NO. \_\_\_\_

2

3

4        The punishment provided by law for this crime is for the

5    court to decide.   You may not consider punishment in deciding

6    whether the Government has proved its case against the defendant

7    beyond a reasonable doubt.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    Committee on Model Criminal Jury Instructions - Ninth Circuit,
      Manual of Model Jury Instructions for the Ninth Circuit, § 7.03
27    (1995 Edition - West Publishing Co.)

28    [Jury Consideration of Punishment]

COURT'S INSTRUCTION NO.  _____

        After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.04 (1995 Edition - West Publishing Co.)

[Return of Verdict]